08CV3004  EDA
JUDGE NORDBERG
MAGISTRATE JUDGE DENLOW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. ) <br> AND ) <br> JPMORGAN SECURITIES, INC. ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LESLIE (PETER) DEGROOT, ) <br> PETER FORAN, FEI WANG, ) <br> MICHAEL DICOSOLA, ) <br> DAVID JAKUBS, KITTY SCHREIBER, ) <br> GRAEME WILSON, CLAIRE CHOINERE,) <br> ALAN ARRRIETA, NADINE AZZAM ) <br> and UBS FINANCIAL SERVICES, INC. ) <br>     Defendants. ) | Case No._____ <br><br> Judge:_____ |

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs, JPMORGAN CHASE BANK, N.A and JPMORGAN SECURITIES, INC. (hereinafter, "JPMC"), hereby move this Court, pursuant to Rule 65 of the Federal rules of Civil Procedure, to enjoin Defendants, LESLIE (PETER) DEGROOT, PETER FORAN, FEI WANG, MICHAEL DICOSOLA, DAVID JAKUBS, KITTY SCHREIBER, GRAEME WILSON, CLAIRE CHOINERE, ALAN ARRRIETA, NADINE AZZAM AND UBS FINANCIAL SERVICES, INC. from continuing to solicit JPMC clients and to return JPMC's confidential business information.

1.    JPMC seeks a Temporary Restraining Order to preserve the status quo and to prevent UBS and the former JPMC employees from continuing their ongoing campaign of targeted solicitation of JPMC clients.

2. In addition, JPMC seeks the return of the confidential information which UBS and the former employees have admitted is in their possession and which is allowing them to continue their ongoing solicitations of JPMC clients.

3. Defendants, former Investment Advisor employees of JPMC, Leslie (Peter) DeGroot, Peter Foran, Fei Wang, Michael DiCosola, David Jakubs all signed Confidentiality and Non-Solicitation Agreements and Code of Conduct Affirmations which included promises to maintain the confidentiality of JPMC business information. Plaintiffs attach hereto copies of those Agreements as Exhibit A.

4. Defendants, former Investment Assistants and Advisors of JPMC: Kitty Schreiber, Graeme Wilson, Claire Choinere, Alan Arrrieta, Nadine Azzam all signed Code of Conduct Affirmations which included promises to maintain the confidentiality of JPMC business information. Plaintiffs attach hereto copies of those Agreements as Exhibit B.

5. Defendants, Leslie (Peter) DeGroot, Peter Foran, Fei Wang, Michael Dicosola, David Jakubs, Kitty Schreiber, Graeme Wilson, Claire Choinere, Alan Arrrieta, Nadine Azzam, (hereinafter, the "former employees") resigned *en masse* on Friday, May 16, 2008 at approximately 1:00 p.m. in the Chicago office of JPMC.

6. The former employees immediately initiated a well-coordinated and targeted solicitation of JPMC clients on behalf of UBS.

7. The solicitation of JPMC clients announced the arrival of each of the Investment Advisor former employees at UBS, included mailing of overnight packages from UBS with a letter directing clients to sign the enclosed forms "to help ensure a smooth and efficient transition."

8. The solicitation letters clearly showed that they were targeted to the JPMC clients by stating, for example in the letter that references Michael DiCosola, one of the former employees: "We look forward to continuing to provide a high level of service which you deserve and have come to expect from Michael and his team."

9. JPMC clients have complained to JPMC that the solicitations are ongoing, unwelcome, and have shaken their confidence in JPMC.

10. The JPMC clients are high net worth individuals who have entrusted JPMC with confidential information regarding their banking, financial, trust and estate, and investment needs which was developed over time at great expense to JPMC in excess of many millions of dollars per year.

11. JPMC has taken extensive measures to safeguard the information its clients have entrusted it with in addition to the contractual promises made by the former employees to safeguard the information including: physical safeguards such as armed security guards, locked, pass worked protected access to its facilities, locked file cabinets, limited and restricted access among employees to files on a need to know basis, encrypted electronic mail, pass work protection of computers and computer databases, security and confidentiality audits

12. JPMC sent a warning letter to the former employees reminding them of their duty to refrain from soliciting JPMC clients for twelve months from the date of their departure from JPMC and reminding them of their obligations to refrain form disclosing JPMC's confidential information.

13. The JPMC letter also sought the return of any confidential information in the possession of the former employees

3

14. On May 20, 2008, counsel for the former employees, Steve Gomberg sent a letter ("the Gomberg Letter") confirming that his clients had the following information: "Client name, address, phone numbers, email addresses, and account title."

15. The Gomberg letter claimed that the former employees were justified in retaining JPMC confidential information and that they would continue to retain and use the information based on the reasoning of an Ohio federal case and the existence of a Protocol for Broker Recruiting.

16. JPMC is not a signatory to any such protocol, notwithstanding, Defendants did not even follow this protocol they claim to rely upon.

17. JPMC has a likelihood of success on the merits in that it has a protectible interest in its confidential business information and customer goodwill.

18. JPMC has no adequate remedy at law.

19. JPMC will suffer irreparable harm if the injunctive relief is not granted.

20. Balancing the harm to the defendants if injunctive relief is granted against the harms to the Plaintiffs if the injunctive relief is denied weighs in favor of granting the injunctive relief to the Plaintiffs.

21. JPMC supports this motion with the Verified Complaint, Exhibits and Affidavits, and the Memorandum of Law filed contemporaneously herewith, all of which JPMC expressly incorporates herein.

WHEREFORE, Plaintiffs respectfully requests this honorable Court to enter an order requiring Defendants to immediately cease and desist all solicitations of JPMC clients and to immediately return the client information they have been using to make the solicitations

                    JPMORGAN CHASE BANK, N.A and JPMORGAN CHASE & CO.

                    By:<u>s/Gregory H. Andrews</u>
                            One of the Attorneys for Plaintiffs

Dated: May 22, 2008

Gregory H. Andrews (6209480)
David L. Miller (6195953)
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700

CHICAGO\2452794.1
ID\GHA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. ) <br> AND ) <br> JPMORGAN SECURITIES, INC. ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LESLIE (PETER) DEGROOT, ) <br> PETER FORAN, FEI WANG, ) <br> MICHAEL DICOSOLA, ) <br> DAVID JAKUBS, KITTY SCHREIBER, ) <br> RAEME WILSON, CLAIRE CHOINERE, ) <br> ALAN ARRRIETA, NADINE AZZAM ) <br> and UBS FINANCIAL SERVICES, INC. ) <br>     Defendants. ) | Case No._____ <br><br> Judge:_____ |

## **DRAFT ORDER**

This Cause coming to be heard on Plaintiffs' Motion for Temporary Restraining Order, both parties being present and the Court Advised in the premises; it is hereby ordered that: It is Ordered that:

1. Plaintiff's Motion for a Temporary Restraining Order is granted:

    A. Defendants, UBS and Leslie (Peter) DeGroot, Peter Foran, Fei Wang, Michael Dicosola, David Jakubs, Kitty Schreiber, Graeme Wilson, Claire Choinere, Alan Arrrieta, Nadine Azzam, (hereinafter, the "Former Employees") are enjoined until further Order of this Court:

        i.    from directly or indirectly, acting alone or with others, solicit or attempt to solicit, induce to leave or divert or attempt to induce to leave or divert from doing business with

JPMC, any JPMC customer with whom any of the Former Employees had contact, for whom any of the Former Employees had responsibility or with respect to whom any of the Former Employees were privy to any information during the last two years of the Former Employees employment with JPMC

      ii.    using or disclosing at any time in the future JPMC's confidential business information, trade secrets, proprietary information and/or property;

    B.    Defendants are to return, as required by their agreements with JPMC and as required under Illinois and New York law, any JPMC property in their possession;

    C.    Bond is waived;

    D.    A status for further proceedings shall be held on _____ at \_\_\_\_\_ in Room _____.

CHICAGO\2452807.1
ID\GHA